UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HANOVER INSURANCE COMPANY,

        Plaintiff,                         Case No. 11-11055
                                                      Honorable David M. Lawson

v.

ALPHA ELECTRIC, INC., GREGORY
ALEXANDER, REHAM ALEXANDER, JOHN
ALEXANDER, and DIMITRA ALEXANDER,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

The plaintiff filed the present action against the defendants in this Court on March 15, 2011, and on September 29, 2011, the plaintiff filed a motion for summary judgment against defendants Gregory Alexander, Reham Alexander, John Alexander, and Dimitra Alexander. The defendants have not responded to the motion, and the time for doing so has passed. E.D. Mich. LR 7.1(e)(1)(B). However, the Court has reviewed the motion papers and finds, despite the defendants' failure to respond, that papers adequately set forth the relevant law and facts and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The Court finds that there are no factual disputes presented by the record and the plaintiff is entitled to judgment as a matter of law. Therefore, the plaintiff's motion for summary judgment will be granted.

I.

On or about February 27, 2008, the plaintiff issued payment bonds naming defendant Alpha Electric, Inc., as the principal in connection with a construction project. In consideration for issuing

the bonds, defendants Gregory Alexander, Reham Alexander, John Alexander, and Dimitra Alexander gave indemnity agreements in which they agreed to indemnify the plaintiff should it become liable on the bonds. The scope of the indemnity agreement included all claims, costs, and expenses incurred by the plaintiff, including interest and consultant and attorney's fees. The indemnity agreement also states that vouchers or other proof of payment on the bonds by the plaintiff shall be considered conclusive evidence of the fact and amount of payments and of the defendants' obligation to indemnify the plaintiff for such payments.

In support of its motion for summary judgment, the plaintiff submitted releases as proof of payment in the amount of $1,079,209.24. The plaintiff also submitted an affidavit from its associate vice president for bond claims stating that the plaintiff had incurred $24,186.88 in costs, expenses, and consultant and attorney's fees. Finally, on October 28, 2011, the plaintiff filed a supplemental brief in support of its motion for summary judgment in which it submitted releases as proof of further payments totaling $44,906.74. In total, the plaintiff asserts it is entitled to $1,148,302.86 in indemnification from the defendants.

As mentioned earlier, the defendants have not filed a response or otherwise offered any statement to rebut or suggest the inaccuracy of those facts.

II.

The standards for evaluating a motion for summary judgment are well known but bear repeating here. As the Sixth Circuit explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b) [(2009)]. Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

> party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). In addition, when "'reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. Thus, the facts and any inferences that can be drawn from those facts[] must be viewed in the light most favorable to the non-moving party.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citations omitted)); *see also Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("In evaluating the evidence, [the district court] 'draw[s] all reasonable inferences therefrom in a light most favorable to the non-moving party.'" (quoting *PDV Midwest Ref., LLC v. Armada Oil & Gas Co.*, 305 F.3d 498, 505 (6th Cir. 2002))).

Under Federal Rule of Civil Procedure 56(e)(2) and (3), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Even prior to the recent amendment to Rule 56, the Sixth Circuit warned:

> Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that will be admissible at trial. Fed. R. Civ. P. 56(e)(2) [(2009)] ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."). *In fact, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."* *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

*Alexander*, 576 F.3d at 558 (emphasis added). In responding to a motion for summary judgment, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.,* 8 F.3d 335, 340 (6th Cir. 1993). To reiterate, if the non-moving party fails to present such evidence to counter a well-supported summary judgment motion, the Court may grant the motion on those grounds alone. *Everson*, 556 F.3d at 496.

When the moving party also bears the ultimate burden of persuasion, the movant's affidavits and other evidence not only must show the absence of a material fact issue, they also must carry that burden. *Vance v. Latimer*, 648 F. Supp. 2d 914, 919 (E.D. Mich. 2009); *see also Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992); *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997) (stating that where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense"). In his commentary on affirmative motions for summary judgment, Judge William Schwarzer explains:

> When the moving party bears the burden of persuasion on the issue at trial, its showing must sustain that burden as well as demonstrate the absence of a genuine dispute. Thus, it must satisfy both the initial burden of production on the summary judgment motion — by showing that no genuine dispute exists as to any material fact

> — and the ultimate burden of persuasion on the claim — by showing that it would be entitled to a directed verdict at trial.

William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1992) (footnote omitted).

This case is before this Court on the basis of diversity jurisdiction and involves no federal issues. Therefore, this Court must apply the law of the forum state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If the state's highest court has not decided an issue, then "the federal court must ascertain the state law from 'all relevant data.'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir.1995) (quoting *Bailey v. V. & O Press Co.,* 770 F.2d 601, 604 (6th Cir. 1985)). "Relevant data includes the state's intermediate appellate court decisions, as well as the state supreme court's relevant *dicta,* restatements of the law, law review commentaries, and the majority rule among other states." *Ososki v. St. Paul Surplus Lines,* 156 F. Supp. 2d 669, 674 (E.D. Mich. 2001) (internal quotation marks and citation omitted).

Under Michigan law, the interpretation of contracts for indemnification is governed by the rules for the interpretation of contracts generally. *Title Guaranty and Surety Co. v. Roehm*, 215 Mich. 586, 591-92, 184 N.W. 414, 415 (1921). The interpretation of a contract is a question of law for the Court. *Cutler v. Spens*, 191 Mich. 603, 615, 158 N.W. 224, 228 (1916). Contracts should be interpreted so as to give meaning to their terms as written. *Edison Sault Electric Co. v. Manistique Pulp & Paper Co.*, 278 Mich. 592, 596, 270 N.W. 799, 800 (1937). Therefore, the language of the indemnification agreement between the parties must be interpreted so as to give full effect to its unambiguous terms. *Giguere v. Detroit Edison Co.*, 114 Mich. App. 452, 456, 319 N.W.2d 334, 336 (1982).

In this case, the indemnification agreement between the plaintiff and the defendant unambiguously provides that the defendants shall

> exonerate, indemnify, and save harmless the Surety [the plaintiff] from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees:
> (a) by having executed or procured execution of the bonds; or
> (b) in making and independent investigation of any claim, demand, or suit; or
> (c) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires the Indemnitors [the defendants] to defend the Surety.
> (d) in enforcing any of the covenants, terms and conditions of this Agreement.

Pl.'s Mot. for Summ. J., Ex. A, Indemnity Agr. at 1. The Court finds that the quoted language plainly requires the defendants to reimburse the plaintiff for amounts paid and costs incurred in paying the bonds referenced in the indemnity agreement. *See State Auto. Mut. Ins. Co. v. Reschke*, No. 06-15410, 2008 WL 4937971, at *3 (E.D. Mich. Nov. 14, 2008); *Fidelity & Deposit Co. of Maryland v. A-Mac Sales & Builders Co.*, No. 04-72643, 2006 WL 1555985, at *4 (E.D. Mich. June 5, 2006).

The indemnification agreement further states that

> The Surety shall have the exclusive right to adjust, settle, or compromise any claim, demand, suit or any other proceeding arising out of any bond against the Surety and/or the Indemnitors, take whatever action it deems appropriate in response thereto, and its determination of whether to defend or settle the same shall be binding and conclusive upon the Indemnitors. In the event of any payment or disbursement by the Surety, the Indemnitors agree to immediately reimburse the Surety for any and all payments and disbursements made (including, but not limited to, interest from the date of the Surety's payments at the maximum rate allowable) under the Surety's belief that liability for the payments existed or that payment was necessary or expedient, whether or not such liability, necessity, or expediency existed. Vouchers or other evidence of payment by the Surety shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors' liability to the Surety therefor.

"Provisions in indemnity agreements granting to the indemnitor the right to compromise and settle claims, and providing that vouchers and other evidence of payment shall be prima facie evidence of the propriety thereof, have been upheld as not against public policy and enforced by the courts." *Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362 (6th Cir. 1968).

The plaintiff has produced copies of signed releases on each claim for which it seeks indemnity. Pl.'s Mot. for Summ. J., Exs. B, C, D, E; Pl.'s Suppl. Br. in Support of Mot. for Summ. J., Exs. A, B, C, D. Under the terms of the indemnity agreement those releases provide sufficient evidence for this Court to grant summary judgment for the plaintiff. But the plaintiff has also furnished e-mails from defendants Gregory Alexander and Alpha Electric, Inc. confirming that amounts were due to Carrier and Gable and the Electrical Workers Insurance Fund, as well as a report from the Electrical Workers Insurance Funds detailing amounts owed to the fund by the defendants. Pl.'s Mot. for Summ. J., Exs. J, K, L. None of the defendants has disputed the plaintiff's assertions that it has paid the amounts stated or that the amounts paid were actually owed. Because the indemnification agreement unambiguously provides that the defendants shall indemnify the plaintiff for costs the plaintiff incurs in relation to the bond and because its is undisputed that the plaintiff has incurred costs related to the bond, the Court will grant the plaintiff's motion for summary judgment.

III.

The Court finds that the plaintiff's motion for summary judgment is well-supported and the defendants have failed to respond to the motion. The Court therefore concludes that no genuine issue of material fact exists and summary judgment for the plaintiff is warranted against defendants Gregory Alexander, Reham Alexander, John Alexander, and Dimitra Alexander. Defendant Alpha

Electric, Inc. is the subject of an involuntary bankruptcy proceeding. The Court stayed the case against that defendant until October 31, 2011 and directed the plaintiff to provide a report to the Court on the status of that case. The stay has expired, but the Court has not received any updates on the bankruptcy case. The case remains pending against Alpha Electric, Inc., and therefore the present motion does not resolve the matter completely. The Court has not received any information justifying entry of a final judgment against the indemnitors alone. *See* Fed. R. Civ. P. 54(b).

Accordingly, it is **ORDERED** that the plaintiff's motion for summary judgment [dkt. # 21] is **GRANTED**.

It is further **ORDERED** that the motion hearing previously scheduled for January 12, 2012 is **CANCELLED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 18, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---